

Jennifer E. Sherven
JSherven@kdvglaw.com

**KAUFMAN DOLOWICH VOLUCK & GONZO LLP**
ATTORNEYS AT LAW

135 CROSSWAYS PARK DRIVE, SUITE 201
WOODBURY, NEW YORK 11797
PHONE: 516.681.1100
FAX: 516.681.1101
WWW.KDVGLAW.COM

September 22, 2011

**VIA FACSIMILE (212) 805-7942**
Honorable Alvin K. Hellerstein
United States District Court
500 Pearl Street
New York, New York 10007

(Revised)

*[handwritten: The court will consider the settlement for fairness after a conference with counsel for the parties, to be held Oct. 4, 2011, 11:00 AM pm.]*

Re: Maxie Buchanan v. The Sourcing Group LLC, et al.
Case No.: 10-cv-08543
Our File No.: 057010-0002

*[handwritten: 9-22-11]*
*[signature: A.K. Hellerstein]*

Dear Judge Hellerstein:

We represent the defendants, The Sourcing Group LLC, Dennis Clemente, William Caan, and Joseph Falcone (collectively "Defendants"), in the above-referenced matter.

The parties jointly submit this correspondence to: (1) advise the Court that the parties have agreed to settle this matter; and (2) seek judicial approval of the proposed settlement because it involves a release/waiver of claims brought pursuant to the Fair Labor Standards Act, 29 U.S.C. §201, *et. seq.* ("FLSA").

While the allegations in the instant complaint involved various causes of action, including claims of harassment, the complaint did include a claim of unpaid overtime wages. Defendant denies the allegations contained in the complaint. Plaintiff claims that while she worked up to sixty (60) hours a week, she was not paid the proper overtime rate by Defendants. Plaintiff worked for the Defendants from mid-2008 to late-2009. During Plaintiff's employment with Defendants, Defendants' records indicate that her weekly pay was approximately $14.42 per hour and that Plaintiff worked forty (40) hours a week. The parties have agreed to settle this matter in accordance with the terms of the Settlement Agreement and General Release (the "Agreement"). In connection with the Agreement, Defendants seek, *inter alia*, a release/waiver from the Plaintiff of her FLSA claims. However, settlement of a wage claim under the FLSA requires approval from the courts. See Sampaio v. Boulder Creek Developers, Inc., 2007 WL 5209390 (E.D.N.Y. 2007); see also 29 U.S.C. §216(c).

Therefore, instead of having the parties appear before Your Honor for an approval hearing, the parties respectfully request that the Court review the settlement terms *in camera*, which are memorialized in the confidential Agreement. The Agreement will be forwarded to the Court, upon the Court's consent, via overnight mail and/or facsimile so the Court may approve the terms as a fair and reasonable settlement of the disputed issues. The parties, via their counsel, attest to the fairness and reasonableness of the amicable settlement reached therein. The parties agreed to the terms of this settlement after they were counseled by their respective attorneys, who represented them throughout this action. Accordingly, it is respectfully requested

Hon. Alvin K. Hellerstein
September 22, 2011
Page 2 of 2

that, upon the Court's diligent review of the terms and conditions of the Agreement, the Court approve same as soon as is practicable.

As the Agreement contains strict confidentiality language and because neither the terms of the Agreement nor the underlying dispute concern the public interest, the parties jointly request that the Agreement not be filed on the Court's electronic case filing ("ECF") system. Rather, it is respectfully requested that the Court grant judicial approval of the Agreement by "so ordering" the Stipulation and Order of Dismissal, a copy of which is attached as Exhibit "A" to the Agreement, and which will be filed electronically, if necessary.

Thank you for your time and consideration. Please feel free to contact me if you wish to discuss this matter.

                                                Respectfully submitted,
                                                Kaufman Dolowich Voluck & Gonzo LLP

                                                Jennifer E. Sherven

cc:    Robert Levy, Esq.
       Bantle & Levy LLP
       Attorneys for Plaintiff
       817 Broadway
       New York, New York 10003 (via fax - 212-228-7654)

4822-1289-5498, v. 1